Henry C. BYRD, Sr., Plaintiff,

v.

William French SMITH, et al., Defendants.

Civ. A. No. 84–2761.

United States District Court, District of Columbia.

Dec. 16, 1986.

Henry C. Byrd, Sr., Butner, N.C., pro se.

Eileen O'Brien, Trial Atty., U.S. DOT, Torte Sr. Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

SPORKIN, District Judge.

This action arises from plaintiff's indictment and conviction in 1983 for perjury in front of a federal grand jury impaneled in North Carolina. *United States v. Byrd*, No. Cr–83–52–01–WS (M.D.N.C.1983), *aff'd mem.*, 732 F.2d 151 (4th Cir.1984), *cert. denied*, 469 U.S. 866, 105 S.Ct. 208, 83

L.Ed.2d 139 (1984).[1] Plaintiff, proceeding *pro se*, is a prisoner currently incarcerated in a federal correctional facility in Mocksville, North Carolina. The defendants, who are being sued in their individual and official capacities, are the former Attorney General of the United States, four Assistant U.S. Attorneys and an agent of the Federal Bureau of Investigation. Plaintiff is seeking $176 million in damages for alleged violations of 1) 42 U.S.C. § 1985(2) and § 1985(3); and of 2) the Constitution under the rationale of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); as well as for various common law torts.

The essence of plaintiff's complaint is that his perjury conviction is the result of a conspiracy entered into by the defendants to mislead and obstruct the grand jury that indicted him. It is plaintiff's contention that the defendants' acts in furtherance of this conspiracy violated his constitutional and civil rights. The case is before the Court on Defendants' Motions to Dismiss. For the reasons set forth this motion is granted and the action is dismissed as to all the defendants.

## I. PRELIMINARY MATTERS

### A. Personal Jurisdiction and Venue

■ Defendants argue this complaint should be dismissed for improper venue and lack of personal jurisdiction, contending that the plaintiff has failed to show that this cause of action arose in the District of Columbia and that the 5 non-resident defendants have sufficient minimum contacts with the District. However, I read plaintiff's *pro se* complaint as sufficient in both regards. First, plaintiff alleges that the defendants entered into a conspiracy to deprive him of his civil rights which originated in Washington, D.C. Second, all the defendants are current or former officers of the government of the United States whose duties have certainly brought them into more than minimum contact with the District.

### B. Service

■ Additionally, defendants argue that the plaintiff has failed to serve them properly pursuant to Rule 4(d)(1) or Rule 4(c)(2)(C). However, the record indicates that the plaintiff did in fact have the U.S. Marshalls serve each defendant by certified mail at their offices in Washington, D.C. As is apparent from their affidavits and their motion to dismiss, the defendants have received actual notice of this action. Therefore, I decline to dismiss this case for insufficient service of process. *See e.g. Gilliam v. Quinlan*, 608 F.Supp. 823, 829, n. 3 (S.D.N.Y.1985) ("The Goal of Rule 4 of the Federal Rules of Civil Procedure is to insure actual notice. *See Hanna v. Plummer*, 380 U.S. 460, 462 n. 1 [85 S.Ct. 1136, 1139 n. 1, 14 L.Ed.2d 8] (1965) ...")

## II. CLAIMS AGAINST THE DEFENDANTS

In his original complaint, plaintiff demanded $476 million in punitive and compensatory damages against the defendants in their individual and official capacities, and requested "injunction [sic] relief against all the defendants and their employees pending the outcome of this civil action." *Original Complaint* at 5.[2]

### A. In Their Official Capacities

■ When federal officials are sued in their official capacity, the defense of sovereign immunity applies if the relief sought against them would in effect be relief against the United States. *Monell v. Department of Social Services of the City of*

---

**1.** This action was originally filed September 10, 1984. Plaintiff's petition to proceed *in forma pauperis* was granted, but the complaint was simultaneously dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(d). On June 19, 1985 the Court of Appeals for the District of Columbia reversed the dismissal and remanded the case, holding that from the face of the complaint there was not "'indisputably absent any factual and legal basis for the asserted wrong.'" *Byrd*

*v. Smith*, No. 84–5734, Slip Op. at 1 (D.C. Cir. June 19, 1985), quoting *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56, 59 (D.C. Cir.1984) *cert. denied*, 469 U.S. 1127, 105 S.Ct. 811, 83 L.Ed.2d 804 (1985).

**2.** In his *Supplementary complaint*, plaintiff reduced the damage figure to $176 million.

*New York,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 (1978), *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985). Therefore, the claims against the defendants in their official capacities must be dismissed unless the plaintiff can demonstrate that the sovereign immunity defense has been waived.

Plaintiff argues that 28 U.S.C. § 1343, § 1331 constitute waivers by the United States to its sovereign immunity. Contrary to plaintiff's assertions such an interpretation is incorrect and has been explicitly rejected by this court. *Navy, Marshall & Gordon v. United States International Development–Cooperation Agency,* 557 F.Supp. 484, 488 (D.D.C.1983), quoting *Garcia v. United States,* 666 F.2d 960, 966 (5th Cir.), *cert. denied.* 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982). As plaintiff has failed to cite any manner by which the United States has waived its immunity against suits such as this one, the claims against the defendants in their official capacities are dismissed pursuant to Rule 12(b)(1) of Federal Rules of Civil Procedure.

**B. In Their Individual Capacities**

 The defendants argue that the complaint should be dismissed against them in their individual capacities because there exist prior judgments against the plaintiff which preclude him from pursuing these claims.

Under the doctrine of collateral estoppel, a plaintiff is barred from bringing an action if issues of fact or law necessary for judgment have already been adversely determined in a previous action. *McCord v. Bailey,* 636 F.2d 606, 609 (D.C.Cir.1980), *cert. denied,* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). For collateral estoppel to apply "the same issues must be at stake in both cases, and the issue must have been litigated in the first." *Id.* The court agrees with the defendants' assertion that the defense of collateral estoppel is fully applicable in this case.

Plaintiff's complaint alleges that the defendants violated his constitutional and civil rights by falsifying and withholding material evidence from the grand jury; presenting false testimony at his criminal trial; and intimidating the plaintiff prior to his grand jury testimony, thereby preventing him from testifying freely and truthfully. In essence, these allegations are nothing more than a collateral attack on the validity of plaintiff's criminal indictment and conviction.

Despite plaintiff's assertions, his indictment and conviction have withstood the judicial scrutiny of the United States District Court in which his trial took place and of the U.S. Court of Appeals for the Fourth Circuit. The failure of these courts to find reversible error with the verdict means that the plaintiff has suffered at the hands of defendants no legal wrong or injury cognizable through a tort case such as this. In fact, the settlement of these issues by a criminal court necessitates the stronger conclusion that there was not even a reasonable doubt that defendants caused the complained of harm to the plaintiff.

It is obvious that the plaintiff is attempting to build a Northwest passage in order to attack his conviction and he has dressed this passage in the form of a civil suit. To sanction such a case through the civil mechanism of a tort suit after there has been a full trial and full appellate proceedings, would be to create a novel form of collateral attack. Once the criminal process has run its full course, it must be impervious to this type of attack.

Therefore, the adverse determinations by these courts on the issues which are the substance of plaintiff's complaint preclude plaintiff from bringing this action against the defendants in their individual capacities, and the action is accordingly dismissed.

**III. CONCLUSION**

For the reasons outlined above, defendants' motion to dismiss must be granted. In light of this disposition, plaintiff's motions to amend his complaint to add additional defendants and to expedite proceedings are moot.