941 F.2d 1208
 57 Fair Empl.Prac.Cas. (BNA) 288, 20
Fed.R.Serv.3d 940
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard WILSON, Plaintiff-Appellant,
v.
Jane KENNY, in her official capacity as Director of ACTION,
Defendant-Appellee.
Leonard WILSON, Plaintiff-Appellant,
v.
Jane KENNY, in her official capacity as Director of ACTION,
Defendant-Appellee.
 Nos. 90-2201, 90-2220.
 United States Court of Appeals, Fourth Circuit.
 Argued June 5, 1991.
Decided Aug. 19, 1991.
 
 Appeals from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-89-660-5-CIV, CA-90-33-5-CIV)
 Cynthia Marie Currin, Crisp, Davis, Schwentker, Page & Currin, Raleigh, N.C. (Argued), for appellant; Gerald K. Robbins, Crisp, Davis, Schwentker, Page & Currin, Raleigh, N.C., on brief.
 F. Heather Griffin, Student Counsel, Office of the United States Attorney, Raleigh, N.C. (Argued), for appellee; Margaret Person Currin, United States Attorney, Stephen A. West, Assistant United States Attorney, Raleigh, N.C., on brief.
 E.D.N.C.
 AFFIRMED.
 Before ERVIN, Chief Judge, NIEMEYER, Circuit Judge, and THOMAS SELBY ELLIS, III, United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Leonard Wilson appeals the district court's grant of the government's motion to dismiss and motion for summary judgment against his two suits brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq. The district court dismissed Wilson's first complaint for untimely service of process and granted summary judgment against his second action for failure properly to pursue administrative remedies. Finding no error in either decision, we affirm.
 
 
 2
 * Wilson was a State Program Specialist, level GS-12, in the Raleigh, N.C. office of ACTION, a federal agency. During the period 1984-1986, he brought three complaints against the agency alleging some form of racial discrimination. The agency rejected the complaints on the merits, and Wilson filed timely appeals with the Equal Employment Opportunity Commission (EEOC). The EEOC process was lengthy and complex, involving a series of decisions and motions to reopen. For purposes of this appeal, however, it is sufficient to note that the ultimate result of this process was that the EEOC upheld the agency's decisions.
 
 
 3
 Throughout this litigation, as well as in much of the EEOC process, Wilson was represented by counsel. On August 17, 1989, Wilson filed a timely complaint in federal court naming as defendant Donna Alvarado, in her official capacity as director of ACTION. The complaint alleged multiple incidents of racial discrimination. Pursuant to Rule 6(b), Fed.R.Civ.P., Wilson moved for a sixty day extension of time within which to serve the summons and complaint. A United States Magistrate Judge granted the motion and extended the service deadline to February 11, 1990. Wilson served defendant-appellee Jane Kenny, the new Director of ACTION, on December 22, 1989. He served the United States Attorney for the Eastern District of North Carolina on March 6, 1990 and the Attorney General of the United States on March 11, 1990. The Director was thus timely served, but the United States Attorney and the Attorney General were not.
 
 
 4
 On January 17, 1990 Wilson filed a second complaint naming as defendant Jane Kenny, in her official capacity as Director. This complaint alleged racial discrimination in the agency's failure to promote Wilson to the position of State Director. The Director filed a motion for summary judgment on the ground that Wilson had failed to bring the alleged violation to the attention of an EEO counselor within thirty days, as the statute requires. Wilson responded in part with his affidavit, the pertinent portions of which state:
 
 
 5
 In September 1984 the North Carolina State Director's position of ACTION was vacant. I applied for the position, but I was not considered. My supervisor, a white male, filled the position.
 
 
 6
 I contacted ACTION and requested a counselor, but I was told that no one was available because of a backlog of complaints.
 
 
 7
 Between 1984 and 1986 I was advised on numerous occasions by Jess Quintero [the head of EEO] of ACTION that there were no counselors available due to the backlog at the agency. Mr. Quintero repeatedly assured me that the agency would assign a counselor to me as soon as possible. Sometime in 1986 Janet Boone, an investigator, began looking into my complaint. I was never assigned a counselor on this complaint.
 
 
 8
 The district court granted the government's motion, holding that Wilson had failed to seek timely EEO counseling. In particular, the district court reasoned that while Wilson's affidavit was not without equitable appeal, it failed to establish that his initial request for an EEO counselor occurred within 30 days of the alleged discriminatory event or Wilson's knowledge of it.
 
 II
 
 9
 Wilson concedes that the district court's dismissal of his first complaint is reversible only for an abuse of discretion, e.g., Lovelace v. ACME Markets, Inc., 820 F.2d 81 (3d Cir.), cert. denied, 484 U.S. 965 (1987), but contends that such abuse occurred here in two respects. His first argument is that the Director of ACTION received actual notice of the commencement of the suit within the prescribed time for service, and neither the Director nor the United States suffered prejudice from the untimely service. He also notes that because Title VII requires that a claim be brought within 30 days of receiving a final agency or EEOC decision, see 42 U.S.C. § 2000e-16(c), his claim will be lost if he is now required to file a new complaint.
 
 
 10
 This argument is unconvincing. In an action against an officer or agency of the United States, service of process is made by serving both the director of the agency and the United States. Rule 4(d)(5), Fed.R.Civ.P. Service on the United States is effected by delivering documents to the United States Attorney for the relevant district and sending them to the Attorney General. Rule 4(d)(4). Rule 4(j) provides that service of the summons and complaint must be completed within 120 days of the filing of the complaint. Rule 4(j) further provides that if such service is not timely made, and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.
 
 
 11
 The plain language of Rule 4(j) thus mandates dismissal of an untimely served complaint where no good cause for the delay is demonstrated. See Norlock v. City of Garland, 768 F.2d 654, 657 (5th Cir.1985) (language of Rule 4(j) is mandatory); Wei v. State of Hawaii, 763 F.2d 370, 372 (9th Cir.1985) (same). Here, Wilson provides no evidence of good cause or diligent efforts made to effect service, despite the fact that he had 60 extra days in which to do so. The fact that some courts have refused to dismiss for essentially equitable reasons (typically in pro se cases)[1] does not establish that the district court abused its discretion in this case. Whether defendants received actual notice of the suit or were prejudiced is irrelevant. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1529 (9th Cir.1990) (whether defendant was harmed by untimely service was immaterial because Rule 4(j) makes no mention of prejudice as a relevant factor); Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir.1988) (actual notice "is insufficient to satisfy Rule 4's requirements"). Nor does the unfortunate reality that a subsequent complaint may be barred compel a finding of abuse of discretion. See McDonald v. United States, 898 F.2d 466, 468 (5th Cir.1990) (Rule 4(j) dismissal was not unwarranted merely because limitations period on plaintiff's cause of action had run); Lovelace, 820 F.2d at 85 (because Rule 4(j) must be strictly applied, it matters not that a dismissal compelled by the rule could spell the end of the cause of action); Wei, 763 F.2d at 372 (absent circumstances more egregious than barring the cause of action, a Rule 4(j) dismissal cannot be avoided).
 
 
 12
 Wilson's cited authorities are inapposite. Byrd v. Smith, 693 F.Supp. 1199, 1200 (D.D.C.1986) did not involve Rule 4(j); only the form of service was there inadequate, and each defendant in fact was served by certified mail. Similarly, Rule 4(j) was not at issue in Jordan v. United States, 694 F.2d 833 (D.C.Cir.1982) (per curiam). There, the plaintiff essentially demonstrated good cause for improper service under Rule 4(d)(4) because the United States Marshal made a mistake in effecting service. Counsel in that case, unaware of the service defect, was justified in believing that service had been effected.
 
 
 13
 Wilson's second argument is that the government waived the Rule 4(j) defense because it moved to dismiss under Rule 12(b)(5) rather than under Rule 4(j) itself. This is specious. A Rule 12(b)(5) motion is a proper means of raising any procedural defense related to service. See 5A C. Wright & A. Miller, Federal Practice & Procedure § 1353, at 276-78 (1990); Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 510 (E.D.La.1985). Wilson's reliance on Zisman v. Seiger, 106 F.R.D. 194 (N.D.Ill.1985) is misplaced. In that case, a third-party defendant had previously made a Rule 12(b) motion, then later sought to move for a Rule 4(j) dismissal. Given Rule 12(g)[2], the court properly held the Rule 4(j) defense waived. In the instant case, by contrast, the government made only one Rule 12(b) motion and did so in timely fashion.
 
 
 14
 Accordingly, we conclude that the district court did not abuse its discretion in dismissing Wilson's first suit.
 
 III
 
 15
 Wilson argues that the district court erred in granting summary judgment against his second action because his affidavit is sufficient to establish an issue of fact as to whether the government is estopped from relying on the thirty-day requirement. We are not persuaded.
 
 
 16
 It is firmly established that timely assertion of administrative remedies is a prerequisite to filing an employment discrimination suit under Title VII. See 42 U.S.C. § 2000e-16; Brown v. GSA, 425 U.S. 820, 829-32 (1976). With respect to the initial phase of the statute's remedial scheme, the pertinent EEOC regulations provide that an agency having an equal employment opportunity program may accept a complaint only if the complainant brings the alleged discrimination to the attention of an EEO counselor within thirty days of the alleged discriminatory event. See 29 C.F.R. § 1613.214(a)(1)(i)(1990). Federal employees must comply with the EEOC regulations before a suit may be filed. Untimely administrative complaints must be rejected. See 29 C.F.R. § 1613.215(a)(4). Similarly, court actions based on untimely administrative complaints must also be dismissed. See Young v. National Center for Health Services Research, 828 F.2d 235, 237 (4th Cir.1987); Zografov v. Veterans Administration Medical Center, 779 F.2d 967, 969-70 (4th Cir.1985); Woodard v. Lehman, 717 F.2d 909, 914-16 (4th Cir.1983).
 
 
 17
 We have held that the thirty-day contact limit may be subject to equitable estoppel under some circumstances. See Zografov, 779 F.2d at 969. More particularly, estoppel will be available only where a plaintiff makes a showing of affirmative misconduct by the government. See id. at 969-70. Wilson does not meet this standard. The statements cited in his affidavit that no EEO counselors were available due to a backlog of claims do not amount to affirmative misconduct. Wilson could have requested a counselor within 30 days; whether the actual counseling then took place much later is unimportant. See 29 C.F.R. § 1613.214(a)(1)(i) (claimant must bring the matter "to the attention" of a counselor).[3] Nor are we persuaded that Wilson's affidavit is sufficient to establish a disputed issue of fact by means of inference. The language of the affidavit simply does not permit the inference that Wilson's request for an EEO counselor was timely. Wilson thus failed to set forth "specific facts" to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).
 
 
 18
 Wilson's cited authorities do not compel a different result. In Ettinger v. Johnson, 556 F.2d 692 (3d Cir.1977), a Title VII plaintiff filed an affidavit stating that she never received any information concerning the 30-day time limit. Such unawareness--not claimed by Wilson here--is explicitly recognized by the pertinent regulations as a basis for extension of the time limit. See 29 C.F.R. § 1613.214(a)(4). Reversal in that case was compelled by the fact that the only means by which the district court could deny the existence of a factual dispute was to find the plaintiff not credible, an impermissible determination on summary judgment. By contrast, here no credibility determination was necessary to rule on the government's motion. Similarly, in Royall v. United States Postal Service, 624 F.Supp. 211 (E.D.N.Y.1985), aff'd, 849 F.2d 1467 (2d Cir.1988) (table affirmance), the timeliness of plaintiff's consultation with an EEO counselor turned on when plaintiff became or should have become aware of allegedly discriminatory transfers, considerations not raised here.
 
 
 19
 Accordingly, summary judgment on the facts presented was warranted.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 See, e.g., Puett v. Blandford, 895 F.2d 631, 635 (9th Cir.1990) (incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on United States Marshal to effect service and, after providing all necessary information, should not be penalized for improper service by the Marshal); Romandette v. Weetabix Co., 807 F.2d 309, 311 (2d Cir.1986) (where federal prisoner had done all he could to make effective service but United States Marshal was unable to deliver process promptly, ends of justice would not be served by considering service untimely); Selman v. American Sports Underwriters, Inc., 697 F.Supp. 225, 235 (W.D.Va.1988) (holding service of process timely but stating in the alternative that plaintiff's repeated attempts at service satisfied good cause standard)
 
 
 [2]
 Rule 12(g) provides:
 A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
 
 
 [3]
 For the same reason, a backlog of EEO claims also would not necessarily compel the agency to extend the time limit. See 29 C.F.R. § 1613.214(a)(4) (agency shall extend the time limit if complainant was prevented by circumstances beyond his control from "submitting" the matter within 30 days)