James Edward EVANSON, Plaintiff,

v.

UNITED STATES of America,
et al., Defendants.

Civ. A. No. 94–1230 (PLF).

United States District Court,
District of Columbia.

Feb. 22, 1995.

James Edward Evanson, pro se.

Claire M. Whitaker, Asst. U.S. Atty., Dist. of Columbia, Washington, DC, for defendants.

## MEMORANDUM OPINION

FRIEDMAN, District Judge.

In this Section 1983 case, plaintiff, *pro se,* alleges a violation of his civil rights under the United States Constitution, including violations of his "4th, 5th, 6th and 14th Amendment rights, that are secured under 42 U.S.C. § 1983." Complaint at 1. Plaintiff names as defendants the United States Department of Justice; the Bureau of Alcohol, Tobacco and Firearms; the Internal Revenue Service; Attorney General Janet Reno; Stephen E. Higgins, Director of the BATF; Margaret M. Richardson, IRS Commissioner; and Assistant United States Attorney Deborah J. Dealy–Browning.[1] He claims that they or their agents illegally entered and searched his residence in Medford, Oregon, on March 26, 1991, and illegally seized property therefrom, and that he suffered "losses and damages ... as the direct and proximate result of the actions of the defendants, and each of them, and by and through their agents, representatives, or employees." Complaint at 1. He seeks money damages and the return of the seized property, which consists largely of firearms. *Id.*

The defendants move to dismiss the complaint under Rule 12(b)(1), (2), (3), (4), (5) and (6), Fed.R.Civ.P., arguing that plaintiff's claims are barred by collateral estoppel, that

---

1. Defendant Richardson was not the Commissioner of the Internal Revenue Service during the allegedly wrongful conduct.

Assistant U.S. Attorney Deborah J. Dealy-Browning is entitled to absolute immunity, that all federal officials named as defendants are entitled to qualified immunity, that plaintiff's *Bivens*[2] claims are untimely, that the complaint fails to state factual allegations with sufficient specificity to support a *Bivens* claim, that the Court lacks personal jurisdiction over certain defendants in their individual capacities, that venue does not lie in this district, and that sovereign immunity bars claims for damages against the individual defendants. In the alternative, the defendants move for summary judgment under Rule 56, Fed.R.Civ.P., on the ground that there are no genuine disputes as to any material facts and that defendants are entitled to judgment as a matter of law.

Plaintiff argues that his arrest and search were in clear violation of the Fourth Amendment, that the facts supporting his *Bivens* claims are quite specifically set forth and that defendants are not immune from suit under any of the government's immunity theories. He supports his opposition with his personal affidavit describing in some detail his arrest and search on March 26, 1991, including the manner in which the agents identified themselves, entered his premises, handcuffed him, pointed weapons at him and otherwise conducted themselves. Plaintiff maintains that he signed the "consent to search form" without being given time to read or study it and that in doing so he was motivated by fear. For these and other reasons, he says that the complaint should not be dismissed and that judgment should not be entered for the defendants.[3]

As defendants point out, these very same issues were litigated before the United States District Court for the District of Oregon on two separate occasions: first in the criminal prosecution against plaintiff and subsequently in a separate civil action brought by plaintiff alleging the same purported illegal conduct he alleges here.

In *United States v. Evanson*, Criminal Proceeding No. 91–60094 (D.Or. Oct. 13, 1991), in the United States District Court for the District of Oregon, plaintiff moved to suppress evidence allegedly seized as a result of an illegal search of his residence on March 26, 1991. After an evidentiary hearing, the court ruled that the entry by law enforcement agents into plaintiff's premises on March 26, 1991, was "consensual and invitational entry," that the arrest of plaintiff was supported by probable cause, that the consent, both oral and written, was voluntary, and that search warrants were valid and supported by probable cause. It therefore denied plaintiff's motion to suppress.

On December 7, 1992, plaintiff filed a civil action in the United States District Court for the District of Oregon against defendants United States of America, Deborah Dealy-Browning and two other defendants, not named here, BATF Agent Michael McNall and IRS Agent Robert Manes. In that action, plaintiff alleged that the defendants illegally searched his residence in Medford, Oregon on March 26, 1991, and illegally seized property from him and his premises at that time without his consent. Plaintiff sought money damages and the return of his property, consisting primarily of firearms.

The United States District Court for the District of Oregon dismissed the civil action on April 30, 1993, noting "the consensual nature of the entry and search and that probable cause for a warrant existed," and stating that these issues were "adversely determined against [plaintiff] in prior [criminal] litigation [the suppression hearing]." The court concluded that plaintiff "is therefore estopped from raising the same issues in this [Bivens] proceeding." *See Evanson v. Dealy-Browning, et al.*, No. 92–1549–HO at 3 (D.Or. May 3, 1993) (order granting defendants' motion to dismiss). The court also dismissed the case on the issue of personal service and determined that defendant Dealy-Browning was absolutely immune from

---

2. *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

3. Because the Court has considered plaintiff's affidavit, a matter outside the pleadings, the Court will treat defendants' motion as one for summary judgment. *See* Rule 12(b), Fed. R.Civ.P.

liability and that the BATF and IRS agents also were immune. *Id.* at 3–4.

The Court has reviewed both the transcript of the suppression hearing in the criminal case and the complaint and decision in the civil action. A review of the records in those cases demonstrates that the issues in this civil action are the same issues that were raised by plaintiff's motion to suppress in the criminal proceeding and in the civil action dismissed in Oregon. In those cases, as here, plaintiff argued that the agents' entry into his premises was not consensual, that the search was not consensual, that there was no probable cause to arrest, and that there was no probable cause for issuance of the subsequent search warrants. At the suppression hearing, at which he was represented by counsel, plaintiff had a full and fair opportunity to litigate the Fourth Amendment issues he presented. The District Judge made specific findings of fact that the entry by law enforcement agents into plaintiff's premises on March 22, 1991, was consensual, that plaintiff's arrest was supported by probable cause, that the consent to search was voluntary and that the search warrants were valid and supported by probable cause. *See United States v. Evanson,* No. Cr. 91–60094 (D.Or. Oct. 13, 1991) (order denying defendant's motion to suppress evidence).

■ As defendants point out, once a court has decided an issue of fact or law necessary to its judgment, that decision precludes relitigation of the issue by the plaintiff in any other lawsuit involving a party to the first action. So long as the issue raised was actually litigated in the prior proceeding, was actually and necessarily determined by the court in the prior proceeding, and preclusion does not work an unfairness, a party that has once litigated the issue is precluded from doing so again. *Montana v. United States,* 440 U.S. 147, 155, 99 S.Ct. 970, 974, 59 L.Ed.2d 210 (1979); *UMWA 1974 Pension v. Pittston Co.,* 984 F.2d 469, 479 (D.C.Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 3040, 125 L.Ed.2d 726 (1993); *Connors v. Tanoma Min. Co., Inc.,* 953 F.2d 682, 684 (D.C.Cir. 1992); *see Allen v. McCurry,* 449 U.S. 90, 94, 101 S.Ct. 411, 414–15, 66 L.Ed.2d 308 (1980); *McCord v. Bailey,* 636 F.2d 606, 609 (D.C.Cir.1980), *cert. denied* 451 U.S. 983, 101 S.Ct. 2314, 68 L.Ed.2d 839 (1981). This is so whether or not the first action was a criminal or a civil proceeding. *Ayers v. City of Richmond,* 895 F.2d 1267, 1270–72 (9th Cir.1990); *Byrd v. Smith,* 693 F.Supp. 1199, 1201 (D.D.C.1986). On this record, the Court concludes that plaintiff is precluded from relitigating the constitutional issues he raises because they have been previously litigated and determined against him.

Furthermore, since plaintiff has presented no viable claims with respect to any violation of his Fourth Amendment rights, plaintiff has failed to meet his burden under *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), to show "a *prima facie* case of defendants' knowledge of impropriety, actual or constructive." *Krohn v. United States,* 742 F.2d 24, 31–32 (1st Cir.1984); *see Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985); *Davis v. Scherer,* 468 U.S. 183, 191, 104 S.Ct. 3012, 3017, 82 L.Ed.2d 139 (1984). In view of the decision of the District Judge in Oregon after a full evidentiary hearing that the conduct of the agents was reasonable, it follows that the conduct of the agents and their superiors (the defendants here) did not violate "clearly established ... constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. at 818, 102 S.Ct. at 2738. Because defendants neither violated any clearly established rights of plaintiff nor acted unreasonably in regard to the matters about which plaintiff complains (as determined in two other proceedings by two other judges), defendants are entitled to qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. at 818–19, 102 S.Ct. at 2738–39; *Hunter v. District of Columbia,* 943 F.2d 69, 75 (D.C.Cir.1991).

■ Finally, Assistant United States Attorney Deborah J. Dealy–Browning is entitled to absolute immunity in this action. A prosecutor is immune from personal liability from actions related to the performance of her public duties, including the actual prosecution of a case, the presentation of evidence before a grand jury, the obtaining of criminal complaints and warrants, the introduction of even illegally seized evidence and other ac-

**4**

tions undertaken in her role as advocate for the government. *Burns v. Reed,* 500 U.S. 478, 485–86, 111 S.Ct. 1934, 1939, 114 L.Ed.2d 547 (1991); *Imbler v. Pachtman,* 424 U.S. 409, 420–23, 96 S.Ct. 984, 990–91, 47 L.Ed.2d 128 (1976); *Joseph v. Patterson,* 795 F.2d 549, 555 (6th Cir.1986), *cert. denied,* 481 U.S. 1023, 107 S.Ct. 1910, 95 L.Ed.2d 516 (1987); *Morrison v. City of Baton Rouge,* 761 F.2d 242, 247–48 (5th Cir.1985); *Krohn v. United States,* 742 F.2d at 30; *Taylor v. Kavanagh,* 640 F.2d 450, 452 (2d Cir.1981). Accordingly, defendant Deborah J. Dealy–Browning is protected in the exercise of her prosecutorial duties by the doctrine of absolute immunity, and the complaint against her must be dismissed.

For all of these reasons, the Court enters judgment in favor of the defendants and dismisses all claims against them with prejudice. An Order consistent with this Memorandum Opinion is entered this same day.

SO ORDERED.

### ORDER

For the reasons stated in the Memorandum Opinion issued this same day, it is hereby

ORDERED that defendants' motion to dismiss the complaint or, in the alternative, for summary judgment is GRANTED; and it is

FURTHER ORDERED that judgment is entered for all defendants and this case is DISMISSED with prejudice.

SO ORDERED.