Nikolas ZOGRAFOV, M.D., Appellant,

v.

V.A. MEDICAL CENTER, Appellee.

No. 84–1794.

United States Court of Appeals,
Fourth Circuit.

Argued April 5, 1985.

Decided Dec. 17, 1985.

Donald E. Jonas, Columbia, S.C., for appellant.

Glen E. Craig, Asst. U.S. Atty. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before WIDENER and MURNAGHAN, Circuit Judges, and WARRINER, United States District Judge for the Eastern District of Virginia, sitting by designation.

WIDENER, Circuit Judge:

This is an appeal of the district court's dismissal of a Title VII case for lack of subject matter jurisdiction. The court concluded that it lacked jurisdiction because the plaintiff, who had failed to comply with the applicable Equal Employment Opportunity Commission (EEOC) regulation governing complaint procedure, *see* 29 C.F.R. § 1613–214, had failed to exhaust his administrative remedies.

Plaintiff Nikolas Zografov, a foreign-born and foreign-educated physician, brought a section 717, Title VII discrimination action against his federal employer, the Veterans Administration Medical Center (V.A.), alleging that the V.A. unlawfully discriminated against him on the basis of his national origin. *See* 42 U.S.C. § 2000e–

16. While the complaint alleged various acts of discrimination that occurred between March 1971 and March 1978, the district court properly considered only three of the allegations of discrimination since these were the only claims raised at the administrative level. Plaintiff claims that on the basis of his national origin, Bulgaria, he was denied within-grade salary increases at the V.A. Hospital in March 1971 and again in March 1978 and that around April 1, 1971 he was transferred out of Orthopedic Surgery into the Outpatient Clinic. Relying on the applicable EEOC regulation for complaint procedure, the defendant answered that the district court lacked subject matter jurisdiction because plaintiff failed to exhaust administrative remedies. At the administrative level, plaintiff's discrimination complaint was rejected as untimely under 29 C.F.R. § 1613–214(a)(1) because plaintiff had failed to consult an Equal Employment Opportunity Counselor (EEO Counselor) on his various claims of discrimination within thirty days of the occurrence of the matters causing him to believe that he had been discriminated against. The district court found that it was without jurisdiction to hear the case because of plaintiff's failure to comply with precomplaint administrative procedure.

It is undisputed that plaintiff did not see an EEO Counselor until September 1978 regarding his April 1971 transfer and the March 1971 and March 1978 denials of within-grade salary increases. Plaintiff clearly did not comply with the thirty-day time limit in § 1613–214(a)(1) since he presented to the EEO Counselor his two 1971 claims approximately seven and one-half years after the incidents and his 1978 claim approximately six months after the incident. Considering the effect of the thirty-day time limit, the district court determined that the limit is jurisdictional and that plaintiff failed to show that he came within an exception for time extension listed in § 1613.214(a)(4). *See Sims v. Heckler,* 725 F.2d 1143, 1145–46 (7th Cir.1984) (holding the thirty-day limit in § 1613–214(a)(1)(i) is jurisdictional based on princi-

ples of sovereign immunity). The court further found that even if the thirty-day limit was not jurisdictional but subject to estoppel, plaintiff nevertheless would not be entitled to relief. The court reasoned that because of the long-standing presumption against estopping the federal government from asserting its legal rights, *see Schweiker v. Hansen,* 450 U.S. 785, 788, 101 S.Ct. 1468, 1470, 67 L.Ed.2d 685 (1981), only an act of affirmative misconduct could estop the government from asserting the defense. *See Portmann v. United States,* 674 F.2d 1155, 1167 (7th Cir.1982). The district court concluded that estoppel could not apply because plaintiff had not shown affirmative misconduct on the part of the government. Although we conclude that the thirty-day time limit is not jurisdictional, we agree that the plaintiff in this case is not entitled to equitable relief from his failure to comply with precomplaint administrative procedure.

■■■ The courts of appeal have split on the question of whether the thirty-day time limit contained in 29 C.F.R. § 1613–214(a)(1) constitutes a limit on a federal court's subject matter jurisdiction to consider EEO complaints filed by federal employees against their respective federal employers. *See Donovan v. Hahner, Foreman & Harness,* 736 F.2d 1421, 1426 (10th Cir.1984) (noting split). The Seventh Circuit has held that the time limit is a jurisdictional bar for untimely EEO complaints against the federal government on a sovereign immunity theory in *Sims v. Heckler,* 725 F.2d 1143, 1145–46 (7th Cir.1984). Other courts of appeal, including our own, have rejected the sovereign immunity theory as a basis for concluding that exhaustion of administrative remedies is not jurisdictionally required of federal employees seeking Title VII relief. *See, e.g., Aronberg v. Walters,* 755 F.2d 1114, 1116 (4th Cir.1985); *Boyd v. USPO,* 752 F.2d 410 (9th Cir.1985); *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984); *Milam v. USPO,* 674 F.2d 860 (11th Cir.1982); *Saltz v. Lehman,* 672 F.2d 207 (D.C.Cir.1982). Because the Supreme Court held that failure to comply

with the thirty-day time limit was not an absolute bar in the private context, but rather a statute of limitations that is subject to equitable tolling in appropriate circumstances, *see Zipes v. TWA*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the court in *Martinez* concluded that the thirty-day limit was not a jurisdictional bar in the public context either. *Id.* In our own circuit, in another context, we have held that failure to exhaust administrative remedies is not a jurisdictional bar for federal employees seeking relief under Title VII. *Aronberg v. Walters*, 755 F.2d 1114, 1116 (4th Cir.1985). Given this recent precedent in our own circuit (which the district court, of course, could not have anticipated), we must conclude that the district court in this case incorrectly construed the thirty-day limit in 29 C.F.R. § 1613.214(a)(1) as a limit on the district court's subject matter jurisdiction, rather than as a simple failure to exhaust administrative remedies. We therefore conclude that the thirty-day time limitation may be subject to estoppel in appropriate circumstances. Having examined the record in this case, however, we do not consider the plaintiff to be entitled to relief by virtue of estoppel for his failure to comply with the precomplaint administrative procedure.[1]

Plaintiff contends that he met with an EEO Officer, rather than a Counselor, immediately after receiving notice of his April 1971 transfer to determine how to present a complaint. He claims that the EEO Officer advised him to present his complaint to the Regional Director of the V.A. The EEO Officer that plaintiff testified he saw is now dead and there is no evidence in the record to indicate that plaintiff discussed discrimination against him because of his national origin in his conversation. Around April 15, 1971, plaintiff wrote the Civil Service Commission concerning his transfer and denial of step salary increases but he did not make any complaint at that time on account of his national origin. Thereafter, from mid-1971 through 1978, plaintiff wrote various V.A. and government officials complaining that he had been discriminated against because of his national origin. In late 1976 or early 1977, plaintiff did have several discussions with the Hospital Director, who was an EEO Officer, rather than a Counselor, in an attempt to get reinstated as an orthopedic surgeon. However, after several sessions with the plaintiff, the Hospital Director did not understand his complaint to be one of national origin. In reply to a letter plaintiff had written President Carter in January 1978, the Regional Director of the Civil Service Commission wrote to plaintiff in August 1978 and indicated that the required first step in pursuing a discrimination complaint is consultation with an EEO Counselor. Thereafter, plaintiff saw an EEO Counselor for the first time. When the Counselor issued his report finding no evidence of discrimination, plaintiff filed his discrimination complaint with the V.A. in September 1978. The V.A. rejected his claims as untimely and the EEOC affirmed.

Plaintiff contends that he was unaware of the filing procedure until August 1978 and that he was effectively misled by the various EEO Officers concerning discrimination complaint procedure. He further contends that because he is an immigrant with a language handicap, the misleading information caused him to waive his Title VII rights unintentionally.

On this set of facts, plaintiff argues that the government should be estopped from asserting the thirty-day time limit as a defense. We disagree because plaintiff has made no showing of affirmative misconduct on the part of the government, which is the least the court would require, even if that would suffice, to rely upon estoppel. *Hansen*, 450 U.S. p. 788, 101 S.Ct. p. 1470. To the contrary, the record shows, as the district court found, that the V.A. took measures to inform its employees of the correct procedure for timely filing discrimination complaints. It is clear that the V.A. employees regularly

---

1. We do not think the fact that we hold the 30-day period is not jurisdictional should require any different analysis than that we use in arriving at our conclusion on estoppel.

received such information in the form of newsletters and bulletin board announcements, as well as being apprised on the matter at orientation for new employees. While plaintiff contends that he met with an EEO Officer immediately after receiving notice of his transfer in 1971 and that the Officer erroneously told him to present his complaint to the Regional Director of the V.A., there is nothing in the record to show that plaintiff told the Officer that he wanted to present a discrimination complaint. This we do not think amounts to a showing of affirmative misconduct on the part of the government. In any event, the equities weigh in favor of the government since this particular EEO Officer is now dead and is thus unable to testify with respect to the conversation had with the plaintiff back in 1971. Furthermore, we do not think plaintiff has made a showing of affirmative misconduct on the part of the second EEO Officer with whom he spoke in late 1976 or early 1977 since the Officer testified that at that time she was unaware that plaintiff was claiming discrimination on account of national origin. In any event, the second EEO Officer could not have misled plaintiff with respect to the 1971 claims since plaintiff did not talk to her until 1976 or 1977 and by that time the thirty-day limit had clearly passed. Despite plaintiff's allegation that he was misled by the EEO officials, he has failed to show any affirmative misconduct on the part of the officials and is thus not entitled to relief by way of estoppel.

As the court has not, *Hansen*, p. 788, 101 S.Ct. p. 1470, *Heckler v. Community Health Services of Crawford County*, 467 U.S. 51, ——, 104 S.Ct. 2218, 2223, 81 L.Ed.2d 42 (1984), neither do we decide what type of conduct would estop the United States; what we do decide is that the conduct here does not.

The judgment of the district court dismissing the complaint is affirmed, but on remand the district court should take proper action to indicate the dismissal is simply for failure to exhaust administrative reme-dies, rather than for lack of subject matter jurisdiction.

**AFFIRMED AND REMANDED.**