**Bobby J. PARKER, Plaintiff**

v.

**Marvin T. RUNYON, Jr., Postmaster General, Defendant.**

**No. 2:94–CV–38–D1.**

United States District Court,
E.D. North Carolina,
Elizabeth City Division.

Feb. 13, 1995.

Bobby Jason Parker, Ahoskie, NC, pro se.

Charles E. Hamilton, III, Asst. U.S. Atty., Raleigh, NC, for defendant.

---

## MEMORANDUM OF DECISION

DUPREE, District Judge.

Plaintiff, Bobby J. Parker, brings this action against the United States Postal Service (USPS) alleging unlawful employment discrimination, in violation of Title VII of the Civil Rights Act of 1964, Section 501 of the Rehabilitation Act of 1973, the Age Discrimination in Employment Act of 1967, and infringement of his due process rights. Plaintiff held the position of Postmaster of the Ahoskie, North Carolina post office until September 6, 1989 when he was discharged from postal service. Plaintiff seeks monetary relief in the amount of $2,500,000 in compensatory damages and $2,500,000 in punitive damages. The matter is now before the court on defendant's alternative motions for dismissal pursuant to F.R.Civ.P. 12(b)(6) or summary judgment.

This action arises out of plaintiff's 1989 discharge from the USPS. On July 24, 1989, plaintiff was notified of the USPS's intent to remove him. Plaintiff was removed as Ahoskie Postmaster effective September 6, 1989. The USPS based its decision to discharge plaintiff on his alleged failure to submit accident reports, improper reporting of time cards, and the reporting of false information on mail volume. Plaintiff, however, contends that his discharge was the product of discrimination against him on the bases of sex (male), race (African–American), religion (Baptist), age (46) and physical disability (back, hip and leg). On January 20, 1994, plaintiff filed a formal complaint with the Equal Employment Opportunity Commission (EEOC). The agency dismissed plaintiff's complaint on March 2, 1994 on the ground that plaintiff had failed to contact an EEO counselor in a timely manner, noting that the alleged unlawful conduct had occurred some four and a half years previously. Plaintiff appealed the dismissal of the his EEOC complaint to the EEOC's Office of Federal Operations (OFO). The OFO, on June 28, 1994, affirmed the agency's decision to dismiss the complaint. The OFO notified plaintiff of his right to file a civil action in an appropriate United States District Court for redress of the allegedly unlawful conduct on the part of the USPS. This, plaintiff did on August 24, 1994.

Defendant filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) or in the alternative, for summary judgment. Defendant asserts that plaintiff failed to exhaust his administrative remedies inasmuch as plaintiff failed to contact an EEO counselor within thirty days of the alleged discriminatory events. Applicable EEOC regulations mandate that a complainant apprise an EEO counselor of an alleged discriminatory personnel action within thirty days of the event. 29 C.F.R. § 1613.214(a)(1)(i).[1] The provision applies equally to a claim of discrimination brought under the Rehabilitation Act. *Plowman v. Cheney,* 714 F.Supp. 196, 198–99 (E.D.Va.1989). With respect to claims under the Age Discrimination in Employment Act, notice must be given to the EEOC within 180 days of the alleged discriminatory act. 29 U.S.C. § 633a(b) and (d).

■ In this case, it is undisputed that no EEO counselor was contacted by plaintiff within the applicable limitations periods. In fact, plaintiff did not contact an EEO counselor until December 17, 1993, more than four years after his dismissal from the USPS. For that reason, defendant argues that plaintiff should be barred from asserting his various discrimination claims based on his failure to exhaust his administrative remedies. *Zografov v. V.A. Medical Center,* 779 F.2d 967 (4th Cir.1985) (action dismissed for failure to consult with EEO counselor during thirty-day time limitation).

■ Thus, it is clear that plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies. *See Theard v. United States Army,* 653 F.Supp. 536 (M.D.N.C.1987) (discussing EEOC notice requirements and propriety of dismissal for noncompliance therewith). However, exceptions exist to the otherwise harsh consequences attendant to noncompliance with the EEOC notice provisions. The time limitation

---

1. On October 1, 1992, new EEOC regulations were promulgated which extended this period to forty-five days. Since the alleged discrimination occurred in 1989, the regulations providing a thirty-day contact period are applicable.

within which an employee must consult with an EEO counselor may be subject to estoppel in appropriate circumstances. *Zografov,* 779 F.2d at 969. The doctrine of equitable estoppel "applies where, despite the plaintiff's knowledge of the facts, the defendant engages in intentional misconduct to cause the plaintiff to miss the filing deadline." *English v. Pabst Brewing Company,* 828 F.2d 1047, 1049 (4th Cir.1987) (citations omitted), *cert. denied,* 486 U.S. 1044, 108 S.Ct. 2037, 100 L.Ed.2d 621 (1988). The doctrine is not invoked "unless the employee's failure to file in timely fashion is the consequence either of a deliberate design by the employer or of actions that the employer should unmistakably have understood would cause the employee to delay filing his charge." *Price v. Litton Business Systems, Inc.,* 694 F.2d 963, 965–66 (4th Cir.1982).

■ Plaintiff asserts that Sherrie Meyers, Management Sectional Center Director of Human Resources in Raleigh, North Carolina, told him not to speak with any agency personnel, including those associated with the EEOC. Were this averment true it would arguably provide the basis for application of the doctrine of equitable estoppel. Defendant denies that plaintiff was ever instructed not to speak with EEOC personnel. Defendant contends that plaintiff was simply told not to enter the premises of the Ahoskie post office nor to discuss the investigation of him with any of the postal employees there. Defendant contends plaintiff knew of his rights concerning discrimination claims by virtue of both his supervisory position as Postmaster and the dismissal letter explaining his appeal rights. Defendant paints plaintiff's assertion as implausible. Moreover, defendant points out that plaintiff, in appealing his removal to the Merit Systems Protection Board (MSPB), did not allege discrimination in spite of questions on the MSPB appeal form which specifically inquire as to allegations of discriminatory treatment.

■ A necessary element for application of equitable estoppel is the reasonable reliance by plaintiff on "the alleged misconduct in foregoing an assertion of his rights." *Felty v. Graves–Humphreys Company,* 818 F.2d 1126, 1128–29 (4th Cir.1987); *Mercado–Garcia v. Ponce Federal Bank,* 979 F.2d 890, 895 (1st Cir.1992) (equitable estoppel requires reasonable reliance); *Wheeldon v. Monon Corporation,* 946 F.2d 533, 537 (7th Cir.1991) (actual and reasonable reliance required for application of doctrine). As the Fourth Circuit has noted, "[e]quitable exceptions to the statutory limitations period should be sparingly applied. . . ." *English,* 828 F.2d at 1049. *Accord, Aungst v. Westinghouse Electric Corporation,* 937 F.2d 1216, 1225–26 (7th Cir.1991) ("Equitable estoppel is available only under limited circumstances . . .").

This is not a proper case for application of equitable estoppel. Assuming that Sherrie Myers made an innocent, or even intentional, misstatement concerning plaintiff's right to contact EEOC personnel, the length of time that plaintiff waited far exceeds a reasonable time for one to be duped. It should have been clear to plaintiff, a postmaster with twenty years' experience with the postal service, that he could not sit on his rights indefinitely; it should have been even more clear that no one could prevent him from pursuing his rights. The court finds that plaintiff's four-and-one-half-year delay in contacting an EEO counselor is patently unreasonable and precludes him from invoking the doctrine of equitable estoppel. Accordingly, the court will grant defendant's motion to dismiss on the basis of plaintiff's failure to exhaust his administrative remedies.

Additionally, the court finds plaintiff's vague claim of violation of his due process rights to be without merit. It is undisputed that plaintiff was provided "notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 1495, 84 L.Ed.2d 494 (1985). Plaintiff was in no way deprived of due process of law.