**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ALTA LANETTE RITTER,
Plaintiff-Appellant,

v.

No. 96-2063

JOHN H. DALTON, Secretary of the
Department of the Navy; UNITED
STATES OF AMERICA,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Chief District Judge.
(CA-96-29-7-F)

Submitted: July 31, 1997

Decided: November 7, 1997

Before WILKINS and NIEMEYER, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David P. Voerman, DAVID P. VOERMAN, P.A., New Bern, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Eileen C. Moore, Assistant United States Attorney, Raleigh,
North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alta Lanette Ritter appeals from the district court's order granting summary judgment to the Defendants on the grounds that Ritter failed to timely exhaust administrative remedies and failed to state a claim upon which relief could be granted under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1997). We affirm.

At the time of the incidents complained of, Ritter, a civilian, had been employed for four years as the Director of the Human Services Directorate at level GM-14 at the Marine Corps Base at Camp Lejuene, North Carolina. From August 1992 to 1994, Ritter made several requests for an upgrade of her position to GM-15 with Assistant Chief of Staff status. At the time, there were eleven directorates aboard the base, all of which were headed by men employed at level GM-15 with Assistant Chief of Staff status. Command did not act on her requests. In January 1994, Ritter learned of a proposed reorganization that would place the Human Services Directorate under the control of the Manpower Directorate, which would prevent Ritter from receiving a promotion to GM-15. The actual reorganization took place in November 1994.

In February 1994, Ritter contacted an Equal Employment Opportunity ("EEO") counselor at Camp Lejuene and, in April 1994, filed a formal complaint of discrimination based on her sex. [1] Ritter alleged that:

_____

[1] Agency programs to promote equal employment opportunity are set forth at 29 C.F.R. §§ 1614.101 to 1614.104 (1996). Pursuant to these regulations, Ritter's contact with an EEO counselor and filing of a formal complaint were done at the agency level and not with the Equal Employment Opportunity Commission.

2

> (1) the Chief of Staff failed to introduce her husband at two "hail and farewell" functions on June 25, 1993, and October 28, 1993;[2]
>
> (2) she was not invited to two Chief of Staff meetings occurring in July and August 1993;
>
> (3) she was treated unequally in regard to "hotline" complaints in August 1993;
>
> (4) she was embarrassed in front of two subordinates during a meeting in October 1993; and,
>
> (5) the proposed reorganization was a discriminatory act.

The first four allegations were dismissed as untimely, and the fifth allegation was dismissed for failure to state a claim upon which relief could be granted.

In September 1995, Ritter filed a second EEO complaint alleging reprisal for her first complaint when the Chief of Staff issued a memorandum to all employees reiterating Department of Navy regulations concerning the limits on dissemination of government documents and access to witnesses.[3] This complaint was dismissed for failure to state a claim upon which relief could be granted. Ritter filed a third complaint in January 1995, in which she complained of the reorganization of the Human Services Directorate. However, this complaint was still pending at the time of this appeal and is therefore not before the Court. See Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976) (complainant must initially seek relief in the agency that has discriminated against her).

_____

[2] A "hail and farewell" event is a social gathering of incoming and outgoing officers at which military personnel being transferred to the installation for duty are greeted, and those being transferred from the installation are bid farewell. See Appellee's brief at 14, n.3.

[3] She did not allege that the regulations were improper or that she was adversely affected by them. Rather, she took issue with the Chief's decision to remind all employees of the regulations. The regulations are codified at 32 C.F.R. § 725 (1996).

This Court reviews de novo a district court's grant of summary judgment. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Summary judgment is appropriate when the non-moving party fails to establish, by sworn evidence, an essential element of the case. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII. See 42 U.S.C. § 2000e-16(c) (1994); 29 C.F.R. § 1614.110 (1996) (following the final decision of an agency, an employee may either appeal to the Equal Employment Opportunity Commission, or file a civil action in federal district court); Brown, 425 U.S. at 832; Zografov v. V.A. Medical Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985).

Under 29 C.F.R. § 1614.105(a)(1) (1996), federal employees who believe they are the subject of discrimination on the basis of sex are required to consult an agency EEO counselor within forty-five calendar days of the alleged discriminatory event. An agency shall dismiss a complaint that "fails to comply with the applicable time limits." 29 C.F.R. § 1614.107(b) (1996). The record shows that Ritter failed to contact an EEO counselor within the requisite time period concerning the first four allegations of her first EEO complaint. Her fifth allegation, though timely, failed to state a claim upon which relief could be granted. See 29 C.F.R. § 1614.107(e) (requiring dismissal of a complaint alleging that "a proposal to take a personnel action, or other preliminary step to taking a personnel action, is discriminatory"). Her allegation of reprisal, also timely filed, failed to establish that the memorandum she complained of was discriminatory or retaliatory. The memorandum was issued to all installation employees and merely reiterated Department of Navy regulations. See generally Touhy v. Ragen, 340 U.S. 462, 469-70 (1951) (upholding the legitimacy of agency regulations regarding the release of government documents and witnesses). Further, at the time the memorandum was issued, Ritter did not attempt to gain access to government information or witnesses pursuant to the regulations. Thus, this allegation failed to state a claim upon which relief could be granted. Therefore, we find that the district court properly granted summary judgment for failure to exhaust administrative remedies and failure to state a claim upon which relief could be granted.

Ritter's contention that her allegation concerning the proposed reorganization plan stated a "continuing course of conduct," thus

4

making her complaint subject to review by this court, fails. "It is <u>only</u> where an actual violation has occurred within the requisite time period that under any possible circumstances the theory of continuing violation is sustainable." <u>Woodward v. Lehman</u>, 717 F.2d 909, 915 (4th Cir. 1983). Ritter fails to establish an actual violation under Title VII, because the only timely claim in her first complaint is about a proposed reorganization, and such a claim is not cognizable. <u>See</u> 29 C.F.R. § 1614.107(e). Ritter's second complaint also fails to establish a continuing course of conduct because that complaint failed to state a claim upon which relief could be granted. Accordingly, we affirm the district court's order.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5