**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NANCY C. KALM,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1921

JOHN H. DALTON, Secretary of the
Department of the Navy; UNITED
STATES OF AMERICA,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
W. Earl Britt, Senior District Judge.
(CA-96-216-7-BR)

Submitted: March 3, 1998

Decided: April 30, 1998

Before WIDENER, ERVIN, and WILKINS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David P. Voerman, New Bern, North Carolina, for Appellant. Janice
McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Eileen C. Moore, Assistant United States
Attorney, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Nancy Kalm appeals from the district court's order granting summary judgment to the Defendants on the grounds that Kalm failed to state a claim upon which relief could be granted under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1997). We affirm.

In May 1992, Kalm, a civilian, was hired as a Supervisory Logistics Specialist ("Operations Officer"), level GS-12, at the Marine Corps Base at Camp Lejuene, North Carolina. In February 1993, Kalm received a promotion to level GS-13. In August 1993, Kalm was temporarily detailed to the position of Deputy Assistant Chief of Staff/Supply Management Officer for the Logistics Department ("Deputy position"). This detail was not to extend later than August 1994. Also, the Deputy position was classified as a military Lieutenant Colonel's billet and thus not on the GS scale; Kalm remained at GS-13.[1] Kalm served in the position until February 1995, when she was formally removed from the position and returned to her original position of Operations Officer. Following Kalm's reassignment, a male Lieutenant Colonel was assigned to the Deputy position.

_____

[1] Kalm asserted in her complaint that in January 1993, her supervisor submitted a request to fill the Deputy position with a civilian GS-14 and to classify the Operations Officer position as a military Lieutenant Colonel billet. Kalm claimed that the request was granted in July 1993, prior to her temporary assignment. However, the affidavit of Don Collins, Chief of Staff for the Manpower Department on base, established that though the Deputy position was once a civilian GS-14 position, it was reclassified in July 1991 to a military billet--eleven months before Kalm began working on the base. Kalm failed to present any further evidence of reclassification.

2

In 1995, Kalm contacted an Equal Employment Opportunity ("EEO") counselor[2] at Camp Lejuene and filed a formal complaint alleging discrimination based on her sex and reprisal. The agency dismissed Kalm's complaint for failure to state a claim. Kalm appealed to the Equal Employment Opportunity Commission ("EEOC"), which found Kalm's reprisal claim to be meritless and remanded her allegation of sex discrimination to the agency to process. Rather than pursuing her claim at the agency level, Kalm filed a complaint with the district court asserting that Defendant discriminated against her by failing to promote her, by reassigning her to the Operations Officer position, and by compensating her less than males in the Deputy position. She also alleged various acts of reprisal. Defendant moved for summary judgment, which the district court granted. Kalm timely appealed.

This court reviews de novo a district court's grant of summary judgment. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Summary judgment is appropriate when a non-moving party fails to establish, by sworn evidence, an essential element of the case. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII. See 42 U.S.C. § 2000e-16(c) (1994); 29 C.F.R. § 1614.110 (1996) (following the final decision of an agency, an employee may either appeal to the Equal Employment Opportunity Commission, or file a civil action in federal district court); Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976) (complainant must initially seek relief in the agency that has discriminated against her); Zografov v. V.A. Medical Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985).

To avoid summary judgment in a Title VII action, a plaintiff must establish a prima facie case of discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). Once a prima facie case is established, the burden shifts to the defendants to

_____

**2** Agency programs to promote equal employment opportunity are set forth at 29 C.F.R. §§ 1614.101 to 1614.104 (1996). Pursuant to these regulations, Kalm's contact with an EEO counselor and filing of a formal complaint were done at the agency level and not with the Equal Employment Opportunity Commission.

produce evidence that shows some legitimate, nondiscriminatory reason for their actions. Id. at 253. If the defendants meet this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's reasons are a mere pretext for discrimination. Id.

To establish a prima facie case for discriminatory failure to promote, Kalm must show that: (1) she is a member of a protected class; (2) she applied for the position in question; (3) she was qualified for the position; and, (4) she was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. See Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). In her complaint, Kalm asserted that while already assigned to the Deputy position, her supervisor requested that Kalm be permanently placed in that position and given a status upgrade to GS-14. The request was allegedly reviewed and a promotion recommended by the Position Management Review Board, but the appropriate officials did not act on the recommendation. Kalm does not present evidence from which unlawful discrimination could be inferred. Kalm also asserts that she should have been temporarily promoted while in the Deputy position. Kalm fails to show that she applied for a temporary promotion. See Robinson v. Montgomery Ward Co., 823 F.2d 793, 796 (4th Cir. 1987). Therefore, Kalm cannot establish a prima facie case for failure to promote.

Kalm also fails to establish that the Defendants discriminated against her by returning her to her original position of Operations Officer. To prevail on a claim of employment discrimination, Kalm must show that: (1) she is a member of a protected class; (2) she was qualified for the job and that her performance was satisfactory; (3) in spite of her qualifications, she was discharged from that job; and (4) she was replaced by someone outside the protected class. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507 (1993). Kalm is a member of a protected class, performed her duties satisfactorily, was removed from the Deputy position, and was replaced by a male. However, the Defendants have demonstrated a legitimate and nondiscriminatory reason for the personnel action. The Federal Personnel Manual and Agency Regulations mandate that the Deputy position be temporary. (J.A. 6). Thus, Kalm was reassigned to her original position following the expiration of her term in the Deputy position. Kalm fails to establish that this personnel action was pretextual. Further, in being

4

returned to her position as Operations Officer, Kalm retained her same salary and GS status.

Kalm also fails to establish that she received unequal pay. To prevail on an unequal pay claim, Kalm must demonstrate that she was performing work substantially equal to that of male employees who were compensated at higher rates than she. See Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1087 (3d Cir. 1996). Kalm failed to proffer any evidence establishing the compensation of males in the Deputy position.

Finally, Kalm fails to establish reprisal. Kalm asserts that Defendant retaliated against her for filing a complaint by issuing a memorandum to all employees reiterating Department of Navy regulations concerning the limits on dissemination of government documents and access to witnesses.[3] Kalm does not establish that the memorandum was discriminatory or retaliatory. The memorandum was issued to all installation employees and merely reiterated Department of Navy regulations. See generally Touhy v. Ragen, 340 U.S. 462, 469-70 (1951) (upholding the legitimacy of agency regulations regarding the release of government documents and witnesses).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____
[3] The regulations are codified at 32 C.F.R. § 725 (1996).

5