**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PAULINA ARELLANO,
Plaintiff-Appellant,

v.

No. 98-1348

WILLIAM J. HENDERSON, Postmaster
General, United States Postal
Service,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-97-347-A)

Submitted: October 20, 1998

Decided: November 16, 1998

Before ERVIN and MOTZ, Circuit Judges, and HALL, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen Domenic Scavuzzo, Vienna, Virginia, for Appellant. Helen
F. Fahey, United States Attorney, Rachel C. Ballow, Alexandria, Vir-
ginia; R. Andrew German, Janet Noble Smith, UNITED STATES
POSTAL SERVICE, Austin, Texas, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Paulina Arellano appeals the district court order granting the Appellee's motion for summary judgment and dismissing her action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-16 (West 1994 & Supp. 1998) ("Title VII").

Arellano was employed by the Postal Service since 1985 as a distribution clerk. In 1989, she suffered a work-related back injury. She returned to work in September 1991 with certain work restrictions due to her 1989 injury. On her first day back to work, she suffered another back injury which caused her to miss the next two-and-one-half years of work. She returned in May 1994 with a new set of work restrictions. However, she claimed that the Postal Service did not fully comply with the restrictions. She reinjured her back in August 1995 allegedly due to the Postal Service's failure to comply with the work restrictions. She returned to work in February 1996 under the same set of work restrictions. At that time, she complained to a union official that the work restrictions were not being followed.

However, it was not until June 1996 that Arellano initiated a contact with an EEO counselor concerning the alleged failure of the Postal Service to follow her doctor's work restrictions. She then filed a formal complaint with the Postal Service which was dismissed as untimely. Arellano commenced the instant action in March 1997. In October 1997, she filed an amended complaint alleging a June 1997 injury due to the Postal Service's failure to comply with work restrictions.

In granting the Postal Service's summary judgment motion, the district court found that Arellano failed to initiate proceedings with an EEO counselor in a timely fashion since she was aware that the Postal Service was not complying with the work restrictions in May 1994,

2

in August 1995, and in February 1996. The court also found that she failed to exhaust administrative remedies with regard to the June 1997 incident.

This Court reviews de novo a district court's grant of summary judgment. See Henson v. Liggett Group, Inc., 61 F.3d 270, 274 (4th Cir. 1995). Summary judgment is appropriate when the non-moving party fails to establish, by sworn evidence, an essential element of the case. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

On appeal, Arellano contends that her complaint to the EEO counselor was timely because the failure to comply with the work restrictions is a continuing violation. Arellano also contends that her complaint was timely insofar as it related to events forty-five days prior to initiating her complaint with an EEO counselor. She also contends that she did not need to exhaust administrative remedies regarding the June 1997 incident because it was reasonably related to allegations in her June 1996 EEO complaint.

Timely exhaustion of administrative remedies is a prerequisite to filing suit in federal court pursuant to Title VII. See 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.110 (1997) (following the final decision of an agency, an employee may either appeal to the Equal Employment Opportunity Commission or file a civil action in federal district court); Zografov v. V.A. Medical Ctr. , 779 F.2d 967, 968-69 (4th Cir. 1985). Under 29 C.F.R. § 1614.105(a)(1) (1997), federal employees who believe they are the subject of discrimination on the basis of sex are required to consult an agency EEO counselor within forty-five calendar days of the alleged discriminatory event. An agency shall dismiss a complaint that "fails to comply with the applicable time limits." 29 C.F.R. § 1614.107(b) (1997).

We are not persuaded by Arellano's contention that the failure to comply with the work restrictions was a continuing violation. "A continuing violation is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period." Dasgupta v. University of Wisconsin Bd. of Regents, 121 F.3d 1138, 1139 (7th Cir. 1997). In spite of the fact

3

that Arellano was aware of all the facts supporting her claim in May 1994 and February 1996, she failed to take action. See, e.g., Huckabay v. Moore, 142 F.3d 233, 238 (5th Cir. 1998) (equitable considerations require that an employee need not file a complaint until facts supporting a discrimination claim are apparent to a reasonably prudent person).

Arellano's reliance on pay disparity cases to support her continuing violation argument is misguided. See Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336 (4th Cir. 1994); Marshall v. Manville Sales Corp., 6 F.3d 229 (4th Cir. 1993). In these cases, each paycheck is part of a chain of disparate pay violations. In Arellano's case, the alleged violations occurred when Arellano returned to work with work restrictions which were allegedly not complied with by the Postal Service. The filing period runs from the time when the employee is informed of the allegedly discriminatory employment decision, regardless of when the effects of that decision come to fruition. See Price v. Litton Business Sys., Inc. , 694 F.2d 963 (4th Cir. 1982).

Nor was her EEO complaint timely as to the events within forty-five days of the filing of the EEO complaint. During that period, Arellano was merely feeling the effects of the alleged decision by her employer not to comply with the work restrictions. She alleged no actual Title VII violation that occurred within that forty-five day period. The actual discriminatory event occurred much earlier. See Huckabay, 142 F.3d at 238 (mere perpetuation of effects of time-barred discrimination does not constitute Title VII violation). Accordingly, we find that Arellano did not timely initiate counseling with an EEO counselor.

With regard to the June 1997 claim, it is settled law that a federal employee must seek administrative review of her grievance before filing suit for unlawful discrimination in employment. See 42 U.S.C. § 2000e-16(b), (c); Zografov, 779 F.2d at 968-69. Arellano contends that this claim is related to the allegations in her 1996 charge. See Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) (discrimination claims reasonably related to the original complaint and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII law-

4

suit). The June 1996 charge was time-barred and cannot serve as a predicate for allegations in the complaint said to be reasonably related. See Butts v. City of New York Dep't of Hous. Preservation & Dev., 990 F.2d 1397, 1403 (2d Cir. 1993). Because Arellano failed to exhaust administrative remedies concerning the June 1997 incident, the court properly dismissed the claim.

We affirm the order of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5