# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

MUNEERAH U. SABIR,
                    *Plaintiff-Appellant,*

v.

TOMMY G. THOMPSON, Secretary of
the United States Department of
Health and Human Services,
                    *Defendant-Appellee.*

No. 01-1750

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-00-1196-L)

Submitted: February 26, 2002

Decided: March 28, 2002

Before WILKINS, WILLIAMS, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Muneerah U. Sabir, Appellant Pro Se. Michael Anthony DiPietro,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

---

## OPINION

PER CURIAM:

Muneerah U. Sabir sued her employer, the Secretary of the Depart-
ment of Health and Human Services (DHHS), alleging discriminatory
treatment in violation of Title VII of the Civil Rights Act, 42
U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2001), and the
Americans with Disabilities Act (ADA), 42 U.S.C.A. §§ 12101-
12213 (West 1995 & Supp. 2001).* The district court granted
DHHS's motion for summary judgment, finding Sabir's claims
untimely, procedurally defaulted, and meritless. We affirm.

Sabir, an African-American female of Muslim religious beliefs,
began her employment in August 1995 as a secretary/receptionist for
the Department of Social Work of the National Institute of Health for
DHHS. Sabir filed EEO claims and ultimately this lawsuit alleging
discriminatory treatment for DHHS's failure to retroactively grant her
approved leave for a religious holiday for which she had not obtained
prior approval, for DHHS's suspension of her for violating official
time and attendance regulations and submitting a falsely recorded
leave document in connection with the unapproved leave, and for
DHHS's criticism of her handling of situations in her department pre-
cipitating her lateral transfer.

This Court reviews an award of summary judgment de novo. *Hig-
gins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir.
1988). Summary judgment is appropriate when there is no genuine
issue of material fact, given the parties' burdens of proof at trial. Fed.
R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-

---

*Prior to filing the present claim, Sabir filed seven Equal Employment
Opportunity (EEO) complaints, alleging various violations of Title VII,
the ADA, and the Rehabilitation Act, 29 U.S.C.A. §§ 701-7961 (West
1999 & Supp. 2001).

49 (1986). In determining whether the moving party has shown that there is no genuine issue of material fact, a court must assess the factual evidence and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Id.* at 255; *Smith v. Virginia Commonwealth Univ.*, 84 F.3d 672, 675 (4th Cir. 1996).

The MSPB affirmed DHHS's denial of Sabir's retroactive leave approval and her suspension on May 6, 1998, and denied her petition for review on July 9, 1998. The EEOC affirmed the MSPB's findings on October 9, 1998. Sabir did not file her complaint in federal court until July 26, 1999, almost nine and one-half months after the decision became final, by which time the statute of limitations had expired. *See* 5 U.S.C.A. § 7703(b)(2) (West 1996); 42 U.S.C.A. § 2000e-16(c); *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150-52 (1984). Thus, Sabir's claims involving DHHS's refusal to retroactively grant approved leave and the subsequent suspension are time-barred.

Sabir's claims of discrimination and retaliation involving criticism of her handling of two situations in her department and her subsequent transfer from the department were properly dismissed for failure to exhaust administrative remedies because the Administrative Law Judge dismissed the claims for failure to prosecute. *See* 42 U.S.C.A. § 2000e-16(c); *Zografov v. V.A. Med. Ctr.*, 779 F.2d 967, 968-69 (4th Cir. 1985). Moreover, in the alternative, the claims were properly dismissed on the merits because the actions complained of did not amount to redressable adverse employment actions. *See Brown v. Brody*, 199 F.3d 446, 457 (4th Cir. 1999); *Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981). Therefore, the district court did not err in granting summary judgment in favor of DHHS, dismissing Sabir's claims of discrimination based on race, religion, disability, and reprisal.

Accordingly, we affirm the district court's order granting summary judgment to DHHS. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*