UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOANN W. HARRIS,
                    *Plaintiff-Appellant,*

v.

DONALD L. EVANS, Secretary; GRANT
ALDONAS, Under Secretary; TIMOTHY
HAUSER, Deputy Under Secretary;
FARYAR SHIRZAD, Assistant                           No. 02-2250
Secretary; BERNARD CARREAU,
Deputy Assistant Secretary; RICHARD
MORELAND, Deputy Assistant
Secretary; SUSAN KUHBACH, Office
Director; UNITED STATES
DEPARTMENT OF COMMERCE,
                    *Defendants-Appellees.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-01-3808-JFM)

Submitted: March 26, 2003

Decided: May 30, 2003

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

---

Affirmed and remanded by unpublished per curiam opinion.

---

**COUNSEL**

Joann W. Harris, Appellant Pro Se. Tarra R. DeShields-Minnis, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Joann W. Harris appeals the district court's order granting summary judgment in favor of the Appellees. Harris filed this complaint pursuant to the Whistleblower Protection Act of 1989 ("WPA"), 5 U.S.C. § 1201 (2000), and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. (2000), alleging race discrimination and retaliation by Appellees.

We review an award of summary judgment de novo. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The evidence is viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Judicial review of a WPA claim occurs only after the Merit Systems Protection Board ("MSPB") has issued a final decision on the claim. *See* 5 U.S.C. § 1214(c)(1)(2000); 5 U.S.C. § 7703 (2000). Dismissal of a claim is appropriate when a plaintiff fails to exhaust his or her administrative remedies. *See McKinney v. Reich*, 1996 U.S. Dist. LEXIS 21925 (S.D.W. Va. Mar. 25, 1996), *aff'd without opinion*, 208 F.3d 208 (4th Cir. 2000). Harris failed to exhaust her admin-

istrative remedies by not submitting her claim to the MSPB. Furthermore, because the district court lacked jurisdiction to hear Harris's whistleblower claim in the first instance, it also lacked the power to excuse her failure to exhaust her administrative remedies. *See Stella v. Mineta*, 284 F.3d 135, 144 (D.C. Cir. 2002). Therefore, the district court properly granted summary judgment in Appellees' favor on Harris's WPA claim.

Likewise, Title VII requires federal employees to exhaust their administrative remedies before bringing an employment discrimination complaint to federal court. *See* 42 U.S.C. §§ 2000e-16(c) (2000); 29 C.F.R. § 1614.407; *see also Brown v. Gen. Serv. Admin.*, 425 U.S. 820, 832 (1976); *Zografov v. Veterans Admin. Med. Ctr.*, 779 F.2d 967, 968-69 (4th Cir. 1985). The record reveals that Harris did not exhaust her administrative remedies with regard to either her removal claim or her non-selection claim. Furthermore, equitable principles do not weigh against the dismissal of the claims on this basis because she demonstrates no "affirmative misconduct" on Appellees' part that prevented her from pursuing her administrative remedies. *See id.* Therefore, the district court properly granted summary judgment in Appellees' favor on these claims.

Harris also alleges that she was denied services under the Department of Commerce's Career Transition Assistance Plan ("CTAP"). In order to qualify for such services, an employee must be considered "displaced" or "surplus." To show that she was a "displaced" employee, Harris must show that she "has received a specific reduction in force (RIF) separation notice or notice of proposed removal for declining a directed reassignment or transfer of function outside of the local commuting area." 5 C.F.R. § 330.604(c)(1) (2002). To show that she was a "surplus" employee, she must show that she "has received a certificate of expected separation or other official certification issued by the agency indicating that the position is surplus." 5 C.F.R. § 330.604(i)(1) (2002). Because Harris did not satisfy these requirements, she was not eligible for CTAP services. Thus, her claim pursuant to these regulations is not legally cognizable, and the district court properly granted summary judgment in favor of the Appellees.

Harris also advances a hostile work environment claim. In order to state such a claim, a plaintiff must identify conduct "'severe or perva-

sive enough' to create 'an environment that a reasonable person would find hostile or abusive.'" *Von Gunten v. Maryland*, 243 F.3d 858, 870 (4th Cir. 2001) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)). Furthermore, a plaintiff must show that she subjectively found the environment hostile and abusive and that a reasonable person would have found the environment to be so. *Id*. There is no dispute that Harris subjectively found her work environment to be hostile and abusive. Nonetheless, she failed to demonstrate that a reasonable person would so find. In particular, Harris is unable to show that the conduct of which she complains is severe and pervasive enough to sustain a hostile work environment claim. Thus, we find that the district court properly granted summary judgment in favor of Appellees on this claim.

Lastly, Harris alleged discrimination and retaliation as evidenced by reassignments, temporary detail, decreased job duties, the lack of a performance evaluation for fiscal year 1996, and various other actions. In order to make a prima facie discrimination case, a plaintiff must show: (1) membership in a protected class; (2) subjection to an adverse job action; and (3) circumstances surrounding the adverse job action that support a reasonable inference of discrimination. *See Halperin v. Abacus Tech. Corp.*, 128 F.3d 191, 201 (4th Cir. 1997). Similarly, in order to make a prima facie retaliation case, a plaintiff must show: (1) participation in a protected activity; (2) subjection to an adverse job action; and (3) a causal connection between the activity and the adverse action. *See Matvia v. Bald Head Island Mgmt., Inc.*, 259 F.3d 261, 271 (4th Cir. 2001). While Harris is able to meet the first element on both claims, she does not demonstrate the requisite adverse job action because none of the alleged conduct affected the "terms, conditions, or benefits of employment." *See Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981); *see also Von Gunten*, 243 F.3d at 865. Thus, the district court properly granted summary judgment in favor of the Appellees on these claims.

Accordingly, we affirm the order of the district court granting summary judgment in favor of the Appellees on all claims. We further decline to rule upon motions filed by the Department of Commerce asking this court to seal certain documents allegedly protected by the Privacy Act, 5 U.S.C. § 552a (2000), to order the return of these documents, and to prohibit Harris from making any disclosures of the

allegedly protected information. Because we find that these motions are more properly dealt with in the first instance by the district court, we remand the case and direct the district court to consider them. To facilitate the district court's consideration of DOC's motions, we direct the Clerk to return the record to the district court and to enter forthwith a partial mandate as to this aspect of the case.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*