Charles S. STEINERT, Plaintiff,

v.

Hershel W. GOBER, Acting Secretary, Department of Veterans Affairs, Defendant.

No. 2:97–3478–23.

United States District Court, D. South Carolina, Charleston Division.

Nov. 4, 1998.

Allan R. Holmes, Gibbs and Holmes, Charleston, SC, for Plaintiff.

Joseph P. Griffith, Jr., Asst. U.S. Atty., Charleston, SC, for Defendant.

### ORDER

DUFFY, District Judge.

This employment discrimination action, in which plaintiff alleges that he suffered discrimination on the basis of religion, comes before the court upon the recommendation of Magistrate Judge Robert Carr that defendant's motion for summary judgment be granted. The record contains a report and recommendation of the United States Magistrate made in accordance with 28 U.S.C. § 636(b)(1)(B). The magistrate recommended that summary judgment be granted due to plaintiff's failure to exhaust his administrative remedies—specifically, his failure to consult with an Equal Opportunity Employment (EEO) counselor within 45 days of the last alleged discriminatory event, as required under 29 C.F.R. § 1614.105(a)(1). For the reasons discussed below, the court adopts the magistrate's recommendation and grants summary judgment on behalf of defendant.

### I. FACTUAL BACKGROUND

The pertinent facts of this case have been reduced to a Stipulation of Facts by the parties, and are discussed at length and in great detail in the magistrate's report and recommendation. Therefore, they need not be reiterated here.

1. In a letter dated May 16, 1995, the OSC declined to take any action with regard to plaintiff's claim of discrimination, stating that it was adhering to its policy of not duplicating or bypassing the procedures established by the Equal Employment Opportunity Commission (EEOC) for such

### II. TIME FOR FILING OBJECTIONS

A party may object, in writing, to a magistrate's report within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). Three days are added to the ten-day period if the recommendation is mailed rather than personally served. The magistrate's report and recommendation was filed on August 19, 1998. Plaintiff filed timely objections on September 1, 1998. Defendant filed a reply to those objections on September 3, 1998.

### III. REVIEW OF THE MAGISTRATE'S REPORT

This court must conduct a *de novo* review of any portion of a magistrate's report to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendation contained in that report. 28 U.S.C. § 636(b)(1).

Plaintiff has objected to the magistrate's conclusion that he failed to satisfy the 45-day limit for consulting an EEO officer on two grounds: (1) plaintiff contacted the Office of Special Counsel (OSC) with regard to his claim in February of 1995;[1] and (2) plaintiff contacted Senator Strom Thurmond's office in February of 1995, which in turn forwarded plaintiff's complaint to the Veterans Administration's Congressional Liaison Service. Dean Billik, Director of the Veterans Administration Medical Center (VAMC) in Charleston, eventually responded to Senator Thurmond's inquiry on March 13, 1995, essentially stating that plaintiff's complaint was unfounded. Plaintiff argues that these contacts, which occurred within 45 days of his resignation, satisfy the requirement that a charge of discrimination be filed within 45 days of the last alleged discriminatory event. In the alternative, plaintiff argues that the 45-day limit should be equitably tolled during the pendency of these contacts, thus bringing his eventual consultation with an EEO counselor within the time limit.[2]

claims. By letter dated June 5, 1995, the OSC informed plaintiff that it was closing its file on all of plaintiff's claims.

2. Plaintiff eventually contacted a VAMC EEO counselor for the first time on April 24, 1995,

A review of the objections and the record indicates that the magistrate's report accurately summarizes the case and the applicable law. Accordingly, magistrate's report is incorporated into this Order.

## IV. SUMMARY JUDGMENT STANDARD

To grant a motion for summary judgment, this court must find that "there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123–124 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trail." *Celotex*, 477 U.S. at 322, 106 S.Ct. 2548. The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir.1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir.1990)), *cert. denied*, 516 U.S. 870, 116 S.Ct. 190, 133 L.Ed.2d 126 (1995). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548.

and first met with VAMC EEO counselor Antho-

## V. ANALYSIS

As stated above, plaintiff's objections note that he contacted both the OSC and the Director of the VAMC in Charleston before the expiration of the 45–day limitations period. Plaintiff contends that these contacts satisfy the 45–day rule, or in the alternative, that they should equitably toll the 45–day limit or estop defendant from asserting it as a defense to plaintiff's claim. These two arguments will be addressed in turn.

### A. Satisfaction of the 45–Day Limit

■ Plaintiff first contends that, by contacting the OSC in February of 1995 in an effort to obtain reinstatement, he satisfied the 45–day filing requirement for complaints of discrimination. It is true that, in its regulations regarding discrimination complaints against federally-funded programs, the Equal Employment Opportunity Commission (EEOC) may accept a complaint that was filed with another agency as having been filed with the EEOC. However, those regulations make clear that this will only occur when the federal agency with which the complaint is filed transfers the complaint to the EEOC—in such cases, the complaint will be considered as if it had been filed with the EEOC on the date it was originally filed with the agency which transferred it to the EEOC. 29 C.F.R. § 1691.6(a). In this case, however, the OSC did not transfer plaintiff's complaint to the EEOC. In fact, it sent plaintiff a letter notifying him that it adhered to a policy of not handling such claims, so as not to bypass or duplicate the procedures established by the EEOC. *See* Def. Exh. 38. Thus, plaintiff's contact with the OSC cannot satisfy the 45–day rule.

Next, plaintiff argues that his contact with Dean Billik, Director of the VAMC in Charleston, satisfied the 45–day rule. The record reveals, however, that there never were any direct contacts between plaintiff and Mr. Billik until July of 1995, after plaintiff had contacted an EEO counselor, and long after the 45–day period had expired. Before that time, Mr. Billik's only connection with the case had occurred sometime in late February or early March of 1995, when he received an inquiry not from plaintiff himself,

ny Elliott on May 4, 1995.

but from Senator Thurmond's office regarding plaintiff. Plaintiff had contacted Senator Thurmond's office in an effort to seek reinstatement—specifically, he had sent Senator Thurmond a "To Whom It May Concern" letter on January 30, 1995, in which he described two incidents of alleged "verbal abuse" that he suffered at the hands of his superiors, and generally alluded to other "additional incidents" which he did not specify. At no point in that letter did plaintiff claim that he had been discriminated against on the basis of religion, or any other basis. *See* Def. Exh. 12. Senator Thurmond's office had in turn forwarded plaintiff's correspondence to the VA's Congressional Liaison Office in Washington, D.C., and it eventually ended up in the hands of Mr. Billik.

Mr. Billik responded to Senator Thurmond's inquiry by letter dated March 13, 1995. In that letter, he described the two incidents of alleged "verbal abuse" of which plaintiff had specifically complained, and opined that plaintiff's claims were unfounded.[3] *See* Def. Exh. 20. There were no further contacts between Senator Thurmond's office and Mr. Billik, nor were there any contacts between plaintiff and Mr. Billik until after plaintiff had contacted an EEO counselor. Based on these facts, the magistrate concluded that plaintiff's "contact" with Mr. Billik through Senator Thurmond's office could not satisfy the 45–day rule.

In reaching that conclusion, the magistrate relied, at least in part, on the cases of *Zografov v. V.A. Medical Center*, 779 F.2d 967 (4th Cir.1985), and *Theard v. United States Army*, 653 F.Supp. 536 (M.D.N.C.1987), for the proposition that plaintiff's tactical decision to pursue relief through other channels prior to contacting an EEO counselor does not excuse his failure to comply with the 45–day rule. Plaintiff attempts to distinguish these cases on certain factual grounds, and cites the case of *Pauling v. Secretary of the Dep't of Interior*, 960 F.Supp. 793 (S.D.N.Y. 1997), for the proposition that contact with

any official who is logically connected with the EEO process may satisfy the 45–day rule, even if the official is not an actual EEO counselor. Plaintiff argues that, while Mr. Billik is not an EEO "counselor," he is an official who is connected with the EEO process, and that his "contact" with Mr. Billik through Senator Thurmond's office therefore should satisfy the 45–day rule.

Unfortunately for plaintiff, his arguments cannot escape certain shortcomings. First, it was not plaintiff who initiated the contact with Mr. Billik, but Senator Thurmond. Indeed, nothing in the record indicates that plaintiff was even aware that Mr. Billik had been informed of plaintiff's correspondence with Senator Thurmond at the time it occurred—Senator Thurmond merely sent plaintiff a letter stating that his correspondence had been forwarded to the "appropriate officials" in Washington. Def. Exh. 14. Moreover, Mr. Billik's response was not addressed to plaintiff—it was addressed to Senator Thurmond. Def. Exh. 20. It would appear difficult for plaintiff to claim that he consciously initiated a contact with an EEO official when (a) he never actually contacted that official directly, and (b) he was not even aware that the official in question had been contacted by someone else.

Aside from those problems, however, there is another fundamental problem that is absolutely fatal to plaintiff's argument: his contact with Senator Thurmond, which was eventually passed on to Mr. Billik, did not allege discrimination of *any* kind, nor did it indicate any desire to begin the EEO process. Plaintiff's letter to Senator Thurmond merely described two alleged incidents of "verbal abuse," and generally alluded to unspecified "additional incidents." While some case law has indicated that a contact with an EEO official who is not an EEO counselor may satisfy the 45–day rule, the cases have held uniformly that in making such a contact, the aggrieved employee must allege acts of *discrimination* and manifest a desire to be-

---

**3.** Plaintiff attempts to find fault with Mr. Billik for not investigating or discussing the "additional incidents" to which he had referred in his letter to Senator Thurmond. However, Mr. Billik can hardly be faulted for not addressing those "incidents," since plaintiff had provided only the vaguest of allusions to them in his letter. In-

deed, not only did plaintiff fail to provide any factual details regarding those alleged "incidents," he did not even describe in general terms what types of "incidents" they were—i .e., he did not state whether they represented incidents of discrimination, retaliation for whistleblowing, fraud, or any other type of unfair labor practice.

gin the EEO process. *Pauling*, 960 F.Supp. at 803 (following EEOC regulatory interpretation which states that contact with an EEO official who is not a counselor may satisfy the 45–day rule as long as the employee "exhibit[s] an intent to begin the EEO process" and "allege[s] that an incident in question is based on discrimination."). *See also Zografov*, 779 F.2d at 967 (holding that plaintiff's claim must fail because, while plaintiff had met with an EEO official during the requisite time period, there was no evidence that he conveyed a desire to present a discrimination complaint in that meeting); *Theard*, 653 F.Supp. at 541 (To satisfy the time limit, "an employee must show that sufficient facts were brought to the attention of an EEO Counselor such that the counselor should have reasonably concluded that the employee was seeking to resolve, through EEO channels, *an allegation of discrimination*.") (Emphasis added).[4] Since plaintiff's correspondence failed to do these things, it cannot constitute a "contact" for the purpose of satisfying the 45–day rule.

In sum, plaintiff's contacts with the OSC and with Mr. Billik (through Senator Thurmond's office) cannot themselves be used to satisfy the 45–day rule. The court will now turn to the issue of whether they equitably toll the 45–day time limit, or equitably estop defendant from asserting that limit as a defense.

## B. Equitable Tolling and Estoppel

In essence, plaintiff argues that the 45–day limit should be tolled because, by lodging a complaint with the OSC, plaintiff "diligently pursued his legal rights in the way he thought appropriate," even though it may not have been the way that was required by law. In support of his argument, plaintiff cites a number of cases (mostly from other circuits) for the general proposition that a statute of

limitations may be tolled if a plaintiff files a claim within a statutorily-prescribed limitations period, but files it in the wrong court or agency. Plaintiff also relies on a piece of dicta from the Supreme Court case of *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), in which the Court noted that equitable tolling may be allowed when a claimant has "actively pursued his judicial remedies by filing a defective pleading during the statutory period...." *Id.* at 96, 111 S.Ct. 453.

However, federal case law from both inside and outside this circuit, including many of the cases cited by plaintiff in his objections, note that equitable tolling is a practice that should be used "sparingly," and only for "the most deserving complainants." *See Irwin, supra*, at 96, 111 S.Ct. 453; *Polsby v. Chase*, 970 F.2d 1360, 1363 (4th Cir.1992), *vacated on other grounds*, 507 U.S. 1048, 113 S.Ct. 1940, 123 L.Ed.2d 646 (1993). Furthermore, the case law within this circuit (both before and after *Irwin* ) has held consistently that in the Title VII context, the EEOC's filing requirements and time limits will be equitably tolled only in cases where the defendant would be equitably estopped from asserting the time limit as a defense—that is, when the defendant is guilty of some affirmative misconduct upon which the plaintiff relied, and which caused him to miss a filing deadline. *See, e.g., Nealon v. Stone*, 958 F.2d 584, 589 (4th Cir.1992) (Time limit will be tolled only when government could be equitably estopped from asserting it as a defense, and government cannot be estopped if plaintiff has made no showing of affirmative misconduct on government's part and reliance upon that misconduct); *Zografov*, 779 F.2d at 969–70 (Government could not be estopped from asserting time limit as a defense when there was no showing of misconduct on the government's part).[5]

---

4. In addition, the *Theard* court noted that its holding was based, at least in part, on the fact that the EEO officials contacted by the plaintiff in that case were not EEO counselors, as required by the regulations. *Id.* at 542.

5. In his report and recommendation, the magistrate cited a long list of cases from the Fourth Circuit Court of Appeals and from various districts within this circuit which have adhered to this principle. *See* Magistrate's Report and Rec-

ommendation, pp. 9–11. Most of the cases cited by the magistrate dealt specifically with claims of employment discrimination and with the EEOC's filing requirements. Plaintiff has not attempted to distinguish or contest the validity of any of these cases—therefore, for the sake of brevity, they need not be recited at length here. The court recognizes these cases as controlling or persuasive authority, however, and incorporates their citation into this Order.

■ In this case, plaintiff has not contested the magistrate's conclusion that the record does not indicate any misconduct on defendant's part, or any reliance by plaintiff upon any of defendant's actions. Indeed, plaintiff could not make such a claim, as the record is totally devoid of any evidence that defendant misled or deceived plaintiff in such a way that caused him to file his discrimination claim with the EEOC after the expiration of the time limit. On the contrary, the record indicates that, over the course of plaintiff's employment, defendant either distributed or made available to plaintiff (and other employees) substantial information regarding EEOC filing procedures and the names and telephone numbers of EEO counselors. Under these facts, defendant cannot be estopped from asserting the 45–day time limit as a defense. Thus, plaintiff's claim is time-barred.

## VI. CONCLUSION

It is therefore,

**ORDERED,** for the foregoing reasons, that defendant's motion for summary judgment is **GRANTED.**

**AND IT IS SO ORDERED.**